Lessee of ROBERT MONTGOMERY *against* JAMES
DICKEY.

</div>

Depositions taken in the presence of both parties, to prove the lines of an old survey, though taken before any cause was pending in court, may be read in evidence.

EJECTMENT for 100 acres of land in Peters township. The dispute turned on this point, whether a survey made by George Smith, on the 24th September 1744 for John Taylor, under a warrant dated 10th November 1742, included certain 26½ acres of land, being the premises in question. If they were excluded, the plaintiff was entitled to recover. To prove this, the plaintiff offered in evidence the deposition of Robert Wilson and Matthew Wilson (the former of whom is since dead, and the latter unable to attend the court,) taken before

the present action was brought by the agent of the plaintiff, in the presence of the defendant, and by him cross-examined, which were objected to by the defendant as inadmissible.

*Per curiam.* The present dispute is in fact a question of boundary, depending on the lines originally run by George Smith. Considered in this view, the depositions offered are much better evidence than general reputation or hearsay; and the rules of evidence as to pedigree as well as to boundary, are very lax, from the nature of the two cases. It must be obvious, that when the country becomes cleared and in a state of improvement, it is oftentimes difficult to trace the lines of a survey made in early times. The argument *ex necessitate rei* will therefore apply. Here what was sworn was in the presence of both parties, and though there was no cause then pending in court, the depositions may be read in confirmation of the other evidence given. The depositions were therefore read in evidence.

Verdict *pro quer.*

Messrs. Duncan and Brown, *pro quer.*

Messrs. Hamilton, Dunlap and Watt, *pro def.*

[A motion for a new rule to show cause why a new trial should not be had, was afterwards made in December term following, but the court unanimously refused the rule.]